UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED RENTALS, INC., and UNITED RENTALS (NORTH AMERICA), INC.,**<br><br>     Plaintiffs,<br><br>v.<br><br>**ROBERT BROWN,**<br><br>     Defendant. | Civil Action No.:  3:17-cv-2058<br><br><br>December 8, 2017 |

## COMPLAINT

Plaintiffs, United Rentals, Inc., and United Rentals (North America), Inc. (collectively, "United" or "Plaintiff"), by and through their undersigned attorneys, and for their Complaint for injunctive and other relief against defendant Robert Brown ("Defendant"), hereby state and allege the following:

## NATURE OF ACTION

1.      This is an action for breach of contract regarding an agreement between United and Defendant dated October 6, 2016 (the "Agreement").

2.      United is engaged in the business of renting and selling construction equipment and merchandise to the commercial and general public, including, but not limited to, customers in Kentucky.

3.      During his employment, Defendant served as Outside Sales Representative ("OSR") for United, based out of a branch in Bowling Green, Kentucky (the "Bowling Green Branch").  As part of his duties for United, Defendant worked closely with United's customers

and was entitled to commissions on rentals and/or sales made to these customers within his assigned territory.

4. The Agreement prohibits Defendant from competing with United in a limited and defined "Restricted Area" during the one-year period following the termination of his employment with United.

5. Notwithstanding his post-employment obligations, Defendant has accepted a position with Craneworks, a competitor of United, and operates on Craneworks' behalf within the Restricted Area.

6. Under the Agreement, Defendant had an obligation to turnover to the Company "and not maintain any copy of, any customer names, contact information or other customer data[.]" United would later learn that Defendant, prior to his separation from United, emailed to his personal email address an Excel spreadsheet containing identifying information related to customers and various contacts at same.

7. Defendant's conduct constitutes a breach of his Agreement with United.

## THE PARTIES

8. Each Plaintiff is a Delaware corporation with its principal place of business in Stamford, Connecticut. United does business in Fairfield County, Connecticut, and in branch offices nationwide.

9. Upon information and belief, Defendant is not domiciled in Connecticut or Delaware. Rather, upon information and belief, Defendant is a citizen of Kentucky.

## VENUE AND JURISDICTION

10. Jurisdiction over this matter arises under 28 U.S.C. 1332 (diversity of citizenship). The amount in controversy exceeds $75,000, exclusive of interest and costs.

11. In the Agreement, the parties agreed that the interpretation and enforcement of the provisions of the Agreement shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut, or the federal courts in the District of Connecticut, and they agreed that such courts shall have exclusive jurisdiction for such purpose. Thus, this Court has exclusive personal jurisdiction over Defendant with respect to United's claims under the Agreement.

12. Venue is proper in this District because, in the Agreement, the parties contractually submitted to the exclusive jurisdiction of the state and federal courts sitting in Connecticut.

## FACTUAL ALLEGATIONS

### UNITED'S BUSINESS

13. United rents and sells construction equipment, power tools, aerial work platforms, scissor, aerial and boom lifts, forklifts, generators and light trucks and other merchandise to the commercial and general public, including, but not limited to, customers in Kentucky.

### DEFENDANT AGREED TO ABIDE BY RESTRICTIVE COVENANTS IN HIS AGREEMENT

14. In exchange for employment, Defendant entered into the Agreement.

15. The restrictive covenant in the Agreement imposes several geographic restrictions – one defined as a 50 mile radius from the United location for which Defendant performed services, the second based on Defendant's responsibilities at United, as measured by the two year period prior to his separation from United, and the third related to the area where Defendant had involvement in the development, review, use, presentation, or implementation of confidential

information. Under the Agreement, Defendant is further prohibited from soliciting certain customers, other entities and employees.

16. Defendant acknowledged that United would suffer irreparable harm and agreed that United would be entitled to injunctive relief, in addition to damages, in the event that he breached or threatened to breach any of the restrictive covenants in the Agreement.

**DEFENDANT'S EMPLOYMENT WITH CRANEWORKS VIOLATES HIS POST-EMPLOYMENT RESTRICTIONS**

17. On or about August 1, 2017, Defendant's employment from United terminated. Defendant is now employed by Craneworks, a competitor of United, in contravention of his Agreement.

18. Craneworks operates within the Restricted Area, as defined in the Agreement. In fact, Defendant has been actively calling on United customers with whom he dealt and he regularly operates within the same geographic territory he serviced while employed at United. Defendant is therefore competing with United within the Restricted Area. Craneworks, through counsel, has advised that it would remove Defendant from the Restricted Area. Despite these representations, Defendant continues to operate within the Restricted Area.

19. Upon information and belief, Defendant is utilizing certain customer contact information improperly taken from United prior to his separation from United in order to further his efforts in this regard.

20. In light of the above, United requests and is entitled to immediate and permanent injunctive relief, in addition to any other relief to which it may be entitled, to avoid suffering irreparable and/or immeasurable harm.

## COUNT ONE

### Breach of Contract

21.     United realleges and reincorporates herein by reference the allegations set forth in Paragraphs 1 through 20 above as though fully set forth herein.

22.     United and Defendant exchanged adequate consideration in support of the Agreement.

23.     United duly performed its obligations pursuant to the Agreement.

24.     Defendant has breached and/or will breach his ongoing obligations to United by targeting United's customers with whom he previously dealt on behalf of United and performing duties and services for a competitor in the Restricted Area.

25.     Defendant's conduct set forth in this Complaint constitutes a material breach of the Agreement.

26.     As a result of the foregoing, Defendant is liable to United for breach of contract. As a direct and proximate result of Defendant's wrongful conduct, United has suffered and/or will suffer money damages and irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for its order and judgment as follows:

A. Judgment in United's favor that:

1. Defendant breached the Agreement.

B. Temporary, preliminary and permanent injunctive relief enjoining Defendant from:

1. violating the terms of his Agreement;

2. being employed by/with or providing services to a competitor, including, but not limited to, Craneworks, within the Restricted Area during the time specified in the Agreement.

C. The relief provided for in the Agreement;

D. Compensatory and/or nominal damages;

E. Attorney's fees;

F. Interest;

G. Costs; and

H. Such other and further relief, legal and equitable, that this Court deems just and proper.

Dated this 8th day of December, 2017.

                              THE PLAINTIFFS
                              UNITED RENTALS (NORTH AMERICA), INC.
                              UNITED RENTALS, INC.

By: /s/
    Brian C. Roche - ct 17975
    Gerald C. Pia, Jr. - ct 21296
    Roche Pia, LLC
    Two Corporate Drive, Suite 248
    Shelton, CT 06484
    Phone: (203) 944-0235
    Fax: (203) 567-8033
    E-mail: broche@rochepia.com
            gpia@rochepia.com